UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **QUENTEL REED**, Defendant. | Case No. 12-cr-00161-YGR-1 **ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** Re: Dkt. No. 32 |

Presently before the Court is Defendant Quentel Reed's *pro se* corrected motion for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), citing amendment 782[1] to United States Sentencing Guidelines ("USSG") §§ 2D1.1, 2D1.11. (Dkt. No. 32.) In his motion, Reed also references amendments 706 and 750.[2] (*Id.* at 3, 8.)

Having read and carefully considered the papers submitted, and for the reasons explained below, the Court **DENIES** Reed's motion.

I. **BACKGROUND**

In this case, Reed entered into a plea agreement pursuant to Fed. R. Crim. Pro. 11(c)(1)(C). (Dkt. No. 18, "Plea".) Under the agreement, Reed pled guilty to "possession of a firearm in furtherance of a drug trafficking crime, and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)." (*Id.* ¶ 1.) In exchange for this guilty plea, the prosecution dismissed the other two charges brought against Reed in its indictment: (1)

---

[1] Amendment 782 lowered the recommended sentences for many drug trafficking offenses. *See United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

[2] Earlier amendments 706 and 750 reduced the offense levels applicable to certain cocaine base-related offenses. *See United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013).

Felon In Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(l); and (2) Possession With Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(l) & 841(b)(1)(B)(iii).  (*See Id.* ¶ 15-17; Dkt. No. 2, Indictment.)

The plea agreement recommended a sentence of 180 months in custody, stating that the Court would make the actual sentencing decision under 18 U.S.C. § 3553(a) and the USSG.  (Plea ¶ 7-8.)  The plea agreement further states that the recommended sentence of 180 months was calculated pursuant to the USSG, using the firearms count and Reed's Career Offender status as the bases for its calculation.  (*Id.* ¶ 7.)  The Court ultimately sentenced Reed to the recommended 180 months.  (*See* Dkt. Nos. 23, 24.)

After Reed filed his original Notice and Motion (Dkt. No. 29), on June 24, 2015, the United States Probation Office filed a "Sentence Reduction Investigation Report ("Probation Report")."  (Dkt. No. 30.)  The Probation Report concluded Reed was not entitled to a reduction in his sentence.  (*Id.*)  The Probation Report states that Reed was sentenced under the guidelines applicable to firearms-related conduct, specifically, §2K2.4 of the USSG, rather than the drug guidelines.  (*Id.* at 2.)  "As USSG §2D1.1 is not applicable in the defendant's case, the defendant is not eligible for a reduction in his sentence."  (*Id.*)  The Probation Report further states that the United States Attorney's Office for the Northern District of California concurs with this recommendation.  (*Id.*)

The Federal Public Defender's office filed a letter stating that it does not intend to intervene in Reed's motion to reduce his sentence.  (Dkt. No. 33.)

**II.   LEGAL STANDARD**

A court may consider a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) despite the defendant having entered into a plea agreement under Fed. R. Crim. Pro. 11(c).  *See Freeman v. United States*, 131 S.Ct. 2685, 2690 (2011).  "Under § 3582(c)(2), a defendant is eligible for a sentence reduction if two prongs are satisfied: (1) the sentence is based on a sentencing range that has subsequently been lowered by the Sentencing Commission and (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

*United States v. Pleasant*, 704 F.3d 808, 810-11 (9th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)) (internal quotations and citation omitted).

### III. DISCUSSION

Reed's motion fails because he cannot satisfy the first prong of the *Pleasant* test. *Pleasant,* 704 F.3d at 810-11. Reed is ineligible for a reduction in his sentence based upon Amendments 782, 706, and 750 to USSG §§ 2D1.1 and 2D1.11, because his sentence was "based on" his Career Offender status and the firearms charge. As a result, USSG § 2K2.4 was used to calculate his sentence, not USSG §§ 2D1.1 or 2D1.11. Therefore, his sentence was not based on a sentencing range that subsequently has been lowered by the Amendments Reed cites. *See Pleasant,* 704 F.3d at 810-11; *see also United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (finding defendant ineligible for sentence reduction based on amendment to sentencing guidelines related to cocaine base because his sentence was "based on" his career offender status); *United States v. Charles*, 749 F.3d 767, 771 (9th Cir. 2014) (same).[3]

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Reed is not entitled to a reduction of his sentence.

Accordingly, the defendant's motion is **DENIED**.

This Order terminates Docket Number 32.

**IT IS SO ORDERED.**

Dated: December 4, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[3] Other courts in this district have reached the same conclusion on similar motions. *See, e.g., United States v. Gomez*, Case No. 13-cr-00282-PJH, Dkt. No. 122 (Oct. 29, 2015) (denying motion to reduce sentence based on Amendment 782 because the defendant was charged with a firearms offense, not a drug offense, and thus the Amendment did not apply); *United States v. Santos*, Case No. 11-cr-00440-MMC, Dkt. No. 144 (Aug. 7, 2015) (same).