1
2
3
4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   **UNITED STATES OF AMERICA**                    Case No.  12-cr-00161-YGR-1
            Plaintiff,

8
        v.
9                                                   **ORDER DENYING DEFENDANT'S MOTION
                                                    FOR RECONSIDERATION**
    **QUENTEL REED**,
10                                                  Re: Dkt. No. 35
            Defendant.

11

12          Presently before the Court is defendant Quentel Reed's "omnibus motion" for a sentencing

13   reduction pursuant to 18 U.S.C. 3582(c)(2).  (Dkt. No. 35.)  Petitioner apparently seeks the same

14   relief he requested in connection with an earlier motion for sentencing reduction (Dkt. No. 32),

15   which the Court denied on December 4, 2015 (Dkt. No. 34).  As before, he argues that his

16   sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2), citing amendment 782[1] to United

17   States Sentencing Guidelines §§ 2D1.1, 2D1.11, and pointing to *Pepper v. United States*, 562 U.S.

18   476 (2011) (holding that when a defendant's sentence is set aside on appeal, the district court at

19   resentencing may consider evidence of post-sentencing rehabilitation).  Thus, the Court construes

20   the instant motion as one for reconsideration pursuant to Federal Rule of Civil Procedure 60.

21          Rule 60 allows for relief "from a final judgment, order, or proceeding" in any of the

22   following circumstances:

23                  (1) mistake, inadvertence, surprise, or excusable neglect;

24                  (2) newly discovered evidence that, with reasonable diligence, could
                    not have been discovered in time to move for a new trial under Rule
25                  59(b);

26

27          [1] Amendment 782 lowered the recommended sentences for many drug trafficking offenses.
     *See United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).
28

United States District Court
Northern District of California

1

        (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

2

        (4) the judgment is void;

3

        (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

4

5

        (6) any other reason that justifies relief.

6

*See United States v. Okafor*, 550 F. App'x 414, 415 (9th Cir. 2013) (reviewing a district court's

7

denial of a motion to reconsider an earlier sentencing reduction under the Rule 60 framework).

8

        Here, the defendant largely raises the same issues earlier adjudicated, but points to

9

additional legal authority which predated the earlier order and which does not, in any event, call

10

for a contrary result. *See, e.g., Dorsey v. United States*, 132 S. Ct. 2321 (2012) (holding a

11

particular sentencing reduction applied retroactively to defendants who committed an offense prior

12

to the act's effective date but who were sentenced thereafter).  Accordingly, having failed to

13

establish any grounds for relief, the defendant's motion is **DENIED**.  Although the Court lacks

14

authority to reduce the defendant's sentence, the Court commends the defendant for his successful

15

completion of courses during his term of imprisonment.

16

        This Order terminates Docket Number 35.

17

        **IT IS SO ORDERED.**

18

Dated: March 22, 2016

19

_____

20

        **YVONNE GONZALEZ ROGERS**
        **UNITED STATES DISTRICT COURT JUDGE**

21

22

23

24

25

26

27

28

United States District Court
Northern District of California