# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> Plaintiff, <br> v. <br> **QUENTEL REED,** <br> Defendant. | Case No.: 12-CR-161 YGR <br><br> **ORDER DENYING REQUEST FOR TRANSCRIPT AT GOVERNMENT EXPENSE WITHOUT PREJUDICE** <br><br> Re: Dkt. No. 39 |

On July 11, 2019, defendant Quentel Reed filed a request for a copy of his sentencing transcript, along with a request to proceed without prepayment of filing fees. (Dkt. No. 39.) Reed contends he may be eligible for relief based on the Supreme Court's recent decisions in *United States v. Davis*, 139 S. Ct. 2319 (2019) and *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

In a proceeding pursuant to 28 U.S.C. section 2255, transcripts at government expense are authorized for persons proceeding in forma pauperis if court certifies that the petition is not frivolous and the transcript is needed to decide the issue presented by the petition. 28 U.S.C. § 753(f). The district court may deny a motion for transcripts at government expense where the petitioner fails to identify the grounds for appeal. *See McKinney v. Anderson*, 924 F.2d 1500, 1512 (9th Cir. 1991), *vacated on other grounds*, 502 U.S. 903 (1991).

Here, although no petition has been filed, petitioner indicates that he needs a copy of his sentencing transcript in order to draft a petition for relief pursuant to *Davis* and *Rehaif*. *Davis* concerned the illegal use or carrying of a firearm in connection with a crime of violence. *Davis*, 139 S. Ct. at 2324. *Rehaif* made explicit that the Government must prove both that the defendant "knowingly" violated each of the elements of the crime, *i.e.*, that he knew he possessed a firearm and knew that he was barred from possessing the same.

Reed's criminal history does not relate to a *Davis* situation, nor was Reed sentenced for

being a felon in possession of a firearm. Rather, the firearm charge related to his sale of controlled substances. Accordingly, it does not appear that Reed can state a basis for any relief under *Davis* or *Rehaif*.

The request for a transcript at the Government's expense is therefore **DENIED WITHOUT PREJUDICE** to Reed identifying a potentially valid basis for a petition pursuant to 28 U.S.C. section 2255.

**IT IS SO ORDERED**.

Date: November 14, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**