United States District Court
for the Northern District of California
Oakland Venue

FILED
MAY 11 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

| | |
|---|---|
| United States of America, Plaintiff, vs. Quentel Reed, Defendant. | Case number: CR-12-00161-1 YGR<br><br>Emergency Motion for Compassionate Release under 3582(c)(1)(A) |

I, Quentel Reed, proceeding pro se, moves forward with the following Emergency Motion for Compassionate Release under 3582(c)(1)(A) of the First Step Act of 2018

Petitioner would like to be considered for an early release to Home Confinement for low/no risk prisoners under 3582(c)(1)(A) of the First Step Act of 2018 and 12003 of the CARES Act of 2020.

I am currently housed at FCI Lompoc, which is a low security facility with open dormitory barrack style housing. Because of these open dorm housing conditions it is impossible to exercise proper social distancing based on CDC recommendations.

I am 38 years old and have been diagnosed with diabetes. The medical staff at FCI Lompoc knows of my underlying medical condition and have chose to leave it unchecked. My diabetes places me "At Risk" for contracting COVID-19

and being hospitalized based on criteria released by the CDC and outlined by the CARES Act of 2020 signed into law by President Trump.

FCC Lompoc currently has more positive cases of COVID-19 than any other BOP facility. The combanation of open dorm housing, high number of inmates with the virus, and my underlying medical condition more than double my chance of hospitalization if I contract COVID-19.

## Conclusion

I am seeking relief pursuant the CARES Act of 2020. Further petitioner has a stable home to release to and plans to enroll in truck driving school upon release. I also have substantial family support and my fiancé is currently fighting breast cancer. She needs me home to help out financially and around the house while she goes through her cancer treatments. Further more, I am a non-violent drug offender. I was sentenced to 180 months for possession of a firearm during a drug trafficing offense. I have served 95 months of my sentence.

Therefore, Petitioner prays that this Honorable Court grants the Petitioner's motion, amid the COVID-19 pandemic.

## Certificate of Service.

I, Quentel Reed, hereby prose, petitioner declare under the penalty of perjury, pursuant § 1746, that the forgoing is true and correct.

I hereby further declare that petitioner dropped the following motion, Emergency Motion for Compassionate Release under 3582 (c)(1)(A), in the institution mailbox and mailed it to the following address:

United States District Court
Northern District of California
1301 Clay Street
Oakland Ca 94612

Respectfully, Quentel Reed
17257-111
Federal Correctional Institution
3600 GUARD RD
Lompoc Ca 93436

Quentel Reed



U.S. Department of Justice

Federal Bureau of Prisons

---

*Federal Correctional Complex*
*3901 Klein Blvd.*
*Lompoc, California  93436*

April 14, 2020

**MEMORANDUM FOR REED, QUENTEL, REG. NO. 17257-111**

**FROM:**  B. von Blanckensee, Acting Complex Warden

**SUBJECT:**  Compassionate Release Review

You requested a reduction in sentence (RIS) based on concerns about COVID-19.  After careful consideration, your request is denied.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons.  BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates.  We recognize that you, like all of us, have legitimate concerns and fears about the spread and effects of the virus.  However, your concern about being potentially exposed to, or possibly contracting, COVID-19 does not currently warrant an early release from your sentence.  Accordingly, your RIS request is denied at this time.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.